# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERIC LAUDERDALE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:08-CV-244-TS |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Eric Lauderdale, a prisoner proceeding *pro se* in this matter, filed a Petition for Writ of Habeas Corpus [DE 1] challenging his 90 day loss of earned credit time and demotion to credit class II in case number WCU-08-01-0583.[1] On February 25, 2008, the Westville Correctional Unit Disciplinary Hearing Body (DHB) found him guilty of abuse of the phone in violation of C-361. The Respondent has filed a Response [DE 11] and Lauderdale filed a Traverse [DE 15]. Therefore the Court will now rule on the Petition.

Lauderdale raises three grounds in his Petition. First, he argues that there is not sufficient evidence to support the charge against him. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks and citation omitted). Here, the conduct report shows that Eric Lauderdale was on phone restriction from October 29, 2007 until August 1, 2008.

---

[1] Though Lauderdale also lost telephone privileges, habeas relief is only available for punishment which lengthens the duration of confinement. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Because the loss of telephone privileges did not extend his sentence, he was not entitled to due process before that restriction was imposed. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995) ("Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law.")

During that time he was housed next to Joshua Sipes. During a call made using Sipes's phone pin, the inmate on the call was addressed as Eric, rather than Joshua. Also, the voice of the inmate on the call sounded to the investigating officer like Eric Lauderdale and not Joshua Sipes.

Lauderdale argues that he could not have made that call because the phone log shows that it was made from "A Pod," while he was in segregation in "D Pod," but the DHB addressed this issue by noting on the Report of Disciplinary Hearing that "Per Ms. Deutscher these phones on pods are not showing up correctly." [DE 12]. Lauderdale argues that the investigator was not a voice expert who could verify who placed the call, but expert testimony is not required. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Here there is some evidence on which the DHB could have based its decision. The testimony of the reporting officials is some evidence of guilt. It was not unreasonable for the DHB to find those statements credible and find Lauderdale guilty.

Second, Lauderdale argues that his 90 day loss of earned credit time is longer than permitted for a class C offense. It is unclear why he believes that the maximum punishment for such an offense is 60 days. Other than his own assertion, he has presented nothing to support this claim. In contrast, the Respondent has provided a copy of the policy showing that the maximum punishment for this offense is 3 months.

Finally, Lauderdale argues that "[t]he statements made at the hearing should have been with offender statements or written on a separate sheet of paper witness for or lay advocate form. Sgt. Golden statement was not written down by the board . . . ." [DE 1]. DHB hearings are not formal and they are not transcribed. Records of their proceedings are very limited. Due process

does not require that testimony be recorded the way it would be in a trial court. Here, testimony was presented at the hearing and nothing required that it be memorialized.

Because Lauderdale has presented no basis for habeas corpus relief, the Petition is DENIED.

SO ORDERED on September 24, 2009.

 /s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION